397 A.2d 405

**COMMONWEALTH of Pennsylvania**

v.

**John Edward BISHOP, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 22, 1978.

Decided Jan. 24, 1979.

Richard H. Milgrub, Public Defender, Benjamin S. Blakley, Asst. Public Defender, Clearfield, for appellant.

Barbara H. Schickley, Asst. Dist. Atty., Clearfield, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

Judgment of sentence affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

POMEROY, former J., did not participate in the decision of this case.

ROBERTS, J., filed a dissenting opinion in which MAN-DERINO, J., joins.

ROBERTS, Justice, dissenting.

At issue on this appeal is whether appellant John Bishop, charged with the offense of criminal homicide, 18 Pa.C.S.A. § 2501(a), is entitled to a timely requested jury instruction on involuntary manslaughter where the Commonwealth sought to prove that appellant intentionally killed Frank Albright. The Court of Common Pleas of Clearfield County charged the jury on the law of murder of the first and third degree and voluntary manslaughter, but refused appellant's requested instruction on involuntary manslaughter. Because in these circumstances involuntary manslaughter is a permissible verdict, appellant's request for an involuntary manslaughter instruction should have been granted.

Section 2501(a) of the Crimes Code defines "criminal homicide" as follows:

> "*Offense defined.*—A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."

At the same time, however, "[t]o safeguard offenders against excessive, disproportionate or arbitrary punishment," 18 Pa.C.S.A. § 104(3), and to "differentiate among offenders with a view to a just individualization in their

treatment," 18 Pa.C.S.A. § 104(5), the Legislature in Subsection (b) of Section 2501 established a means of classifying the offense of criminal homicide. Section 2501(b) of the Crimes Code provides:

> "*Classification.*—Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter."

Each subclass of the offense of criminal homicide carries a different degree of punishment. See e. g., 18 Pa.C.S.A. § 2502(c) ("[m]urder of the third degree is a felony of the first degree"); 18 Pa.C.S.A. § 2503(c) ("[v]oluntary manslaughter is a felony of the second degree"); 18 Pa.C.S.A. § 2504(b) ("[i]nvoluntary manslaughter is a misdemeanor of the first degree"). No subclass of the offense of criminal homicide is defined as a separate offense. See e. g., 18 Pa.C.S.A. § 2502(a) ("[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing"). As the Reporter's Comment to Section 2501 points out, "[Section 2501] defines the unified offense of 'criminal homicide,' which includes murder, voluntary manslaughter or involuntary manslaughter." Toll, Pennsylvania Crimes Code Annotated 307 (1974).

In Section 302(e) of the Code, the Legislature establishes the following principle:

> "*Substitutes for negligence, recklessness and knowledge.*—When the law provides that negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally or knowingly."

The Comment to the Section of the American Law Institute's Model Penal Code upon which Section 302(e) is based, Model Penal Code, § 2.02(5) (1962), elaborates:

> "[This section] establishes that when negligence suffices for liability, [intent], knowledge or recklessness are sufficient *a fortiori,* that [intent] and knowledge similarly substitute for recklessness and [intent] substitutes for knowledge. Thus it is only necessary to articulate the

minimal basis of liability for the more serious bases to be implied."

A person is guilty of "involuntary manslaughter" under the Crimes Code "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C. S.A. § 2504. Applying section 302(e) to involuntary manslaughter, the essential elements "recklessness or gross negligence" under Section 2504 are established where the Commonwealth proves the actor's conduct was "intentional or knowing." It therefore must be concluded that, based upon Section 302(e), where, as here, the Commonwealth seeks to prove "intentional or knowing" acts which cause the death of another (a "criminal homicide" under Section 2501(a)), the Legislature has deemed that the same evidence supports a verdict of involuntary manslaughter under Section 2504.

In *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975), a grand jury indicted the appellant on charges of murder and voluntary manslaughter, along with the charge of involuntary manslaughter. The appellant sought consolidation of the indictments, but the case proceeded to trial only upon the murder and voluntary manslaughter charges. In announcing the judgment of this Court, Mr. Chief Justice Eagen (then Mr. Justice Eagen) wrote:

"In those instances where an involuntary manslaughter verdict would be supported by the evidence, the failure to so acquaint the jury prevents it from operating with full knowledge of the relevant law and precludes the defendant from having a fair trial."

*Commonwealth v. Moore,* 463 Pa. at 322, 344 A.2d at 853. Here too, fundamental fairness demands that a charge on involuntary manslaughter, if requested, be given. The Legislature makes involuntary manslaughter a permissible verdict in a case involving an intentional criminal homicide and the "failure to so acquaint the jury prevents it from operating with full knowledge of the relevant law and precludes the defendant from having a fair trial."

I would reverse judgment of sentence and grant appellant a new trial.

MANDERINO, J., joins in this dissenting opinion.